## THE ALLIANCE INSURANCE CO.

*v.*

## GEORGE F. McKNIGHT.

*Filed at Ottawa November 20, 1880.*

1. ESTOPPEL—*to set up a contract different from that represented.* After a person had entered upon the service of an insurance company, the management of the company was changed,—new officers being appointed in place of the former ones. The new management made inquiry of the employee mentioned as to what were his relations with the company. In response he stated certain terms and conditions as those embraced in the contract of his employment. Subsequently, upon being discharged from the employment of the company, the agent sought to recover his salary under an alleged con-

tract different from that which he had stated when the inquiry was made of him. It was *held*, the plaintiff was not estopped to rely upon a contract different from that which he had disclosed to the officers of the company,—the stating of a contract different from that upon which he sought to recover was but evidence against it.

2. INSTRUCTION—*repeating*. There is no error in refusing an instruction when another is given which substantially embodies the same principle of law, even though the one given is more abstract, when the party, notwithstanding the difference, has had the benefit of having laid down the rule of law applicable to the subject.

APPEAL from the Appellate Court for the First District; —heard in that court on error to the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

This was an action of assumpsit, brought in the circuit court by McKnight against the insurance company, to recover upon a contract of employment. It is alleged in the declaration that the defendant entered into a contract with plaintiff January 1, 1877, by which, in consideration that plaintiff would enter into the employment of defendant for one year, as manager of its western department, on a salary of $2500 a year until April 1, and $3000 per annum for the balance of the year, defendant promised to retain him in such employment on said terms during said year, and plaintiff accepted such employment and entered into the same, and continued therein until April 1, 1877, and although plaintiff was always ready and willing to continue in such employment and perform all the duties devolving upon him as such manager, yet defendant, before the expiration of said year, to-wit, April 1, 1877, wrongfully discharged him, by which plaintiff lost wages, etc.

An instruction given on behalf of the plaintiff, and objected to by the defendant, was as follows:

" If the jury believe, from the evidence, that the defendant, on or about the first day of January, A. D. 1877, made a contract with the plaintiff to act as the manager of the western

6—97 ILL.

department of the defendant for the period of one year from the date of the making of said contract, at a salary of $2500 per annum until the first of April thereafter; and at the rate of $3000 per annum for the balance of the year, and the defendant entered upon the duties of such employment, and afterwards the defendant discharged the plaintiff without his fault, and while he was in the discharge of his duty, and during the remainder of the year from the date of said discharge, the plaintiff, using due diligence to earn money, was not able to earn more that the sum of $220, then the plaintiff is entitled to recover his unpaid salary for such year less the sum of money he was able to earn after he was discharged."

The ground of objection to this instruction was, that it was not qualified with the proviso that there was not an estoppel to set up the contract alleged, which was claimed to have been created by a certain letter written by the plaintiff.

It seems that after the plaintiff had entered upon the service of the company a new management came in, and in seeking to learn his relations with the company, wrote to him making inquiry in respect thereto. The letter above alluded to as having been written by the plaintiff, was in response to such inquiry, and was as follows:

"*Chicago, Ill., February* 26, 1877.

"*George H. Long, Esq., Secretary pro tem. and Manager :*

"DEAR SIR—Your esteemed favors of the 23d and 24th inst. are before me, and in reply thereto I beg to state: 1st. That while in your city in March last, on business for the company with which I then was, I met the president and general agent of the Alliance, who informed me that the company intended going into a general western business, and desired some one who had experience in that field. The result was that I commenced for them at $2500 for the first year, and to have an increase for the next either in the shape of a commission on the profits of my department, or other-

wise, as we might arrange at the expiration of the year. I then resigned my position, or rather, notified the company that I represented that I had made arrangements elsewhere, to take effect April 1, 1876. I began at the time mentioned to plant agencies and to attend to the interests of the company generally, placing fifty-three agencies, the majority of the same during the first two or three months."        *        *        *

The company insist that the plaintiff is estopped to set up any other contract than the one disclosed in this letter.

Other questions arose upon the trial which it is not necessary here to mention.

The trial resulted in a verdict and judgment in favor of the plaintiff. The defendant appealed.

Messrs. MILLER & FROST, for the appellant.

Messrs. SWETT, BATES & HASKELL, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The whole question in this case is really one of fact, which is settled by the judgment of the Appellate Court.

Complaint is made of the giving of the first instruction on behalf of the plaintiff.

The instruction was, that upon the hypothesis of the making of a contract of employment of the services of plaintiff for a specified period at a named salary, and the discharge of plaintiff without his fault before the expiration of the period, he was entitled to recover his salary for such period.

The objection taken to the instruction is, that it was not qualified with the proviso that there was not an estoppel to set up such contract, which defendant claims to have been created from a certain letter written by plaintiff.

We do not think the letter was an estoppel against setting up the contract,—that it was but evidence against it, and the instruction not erroneous in this regard.

It is further complained that the court refused the third instruction asked on behalf of defendant. The principle of law contained in this instruction was embodied in the second one which was given for the defendant, and this we regard as obviating the objection. The difference between the two was that the second gave the principle of law in a more abstract form, while the third gave it in connection with a recital of the particulars of the supposed contract.

It is claimed that this difference entitled defendant to the third instruction, although the second containing the same legal principle was given. We do not perceive that, notwithstanding this difference, defendant did not enjoy the full benefit of having had laid down the rule of law applicable to the subject.

We find no error in the refusal of a new trial on the ground of alleged surprise and newly discovered evidence.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*